IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA

SIVAN LAM,

    Plaintiff,

v.

CASE NO.:

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, SIVAN LAM, by and through the undersigned attorneys and sues the Defendant, SCOTTSDALE INSURANCE COMPANY, and alleges as follows:

1. This is an action for declaratory relief and breach of contract with damages greater than Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, the Plaintiff, SIVAN LAM, (hereinafter "Plaintiff") was and is a Florida homeowner.

3. At all material times hereto, Defendant, SCOTTSDALE INSURANCE COMPANY, (hereinafter "Defendant") was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Lee County, Florida.

4. Plaintiff brings this action as a homeowner. Attached hereto and incorporated herein as Plaintiff's Exhibit "A" is a copy of the estimate for the work to be performed.

5. Prior to September 28, 2022, the Plaintiff sought and purchased homeowner's insurance from Defendant to cover the property located at 3924 Plumosa Drive, Saint James City, Florida 33956 (hereinafter "Plaintiff's Property"). Said policy of insurance, which is believed to be policy number CPS7599067 with corresponding claim number 02106784 (hereinafter

"Plaintiff's Policy"), was issued by Defendant to Plaintiff to provide insurance coverage which included, but was not limited to, coverage afforded to protect Plaintiff's Property against collapse damage.

6. Plaintiff's Policy was issued by Defendant in Lee County, Florida and was in full force and effect as of September 28, 2022. Attached hereto and incorporated herein as Plaintiff's Exhibit "B" is a copy of Plaintiff's Policy.

7. On or about September 28, 2022, Plaintiff's Property and dwelling located at 3924 Plumosa Drive, Saint James City, Florida 33956 was damaged by Hurricane Ian (hereinafter, the "Loss"). The Loss was covered under Plaintiff's Policy issued by Defendant.

8. As of the date of the filing of this lawsuit, Defendant has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff.

9. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida.

## COUNT I-BREACH OF CONTRACT AGAINST DEFENDANT

10. Plaintiff does hereby repeat and re-allege Paragraphs 1 through 9 above and incorporates the same by reference herein.

11. Plaintiff is a named Insured under the homeowner's insurance policy of the Plaintiff (the Plaintiff's Policy described above) and said policy was in full force and effect as to the Plaintiff at all times material to this Complaint, including when Plaintiff's Property was damaged as described above.

12. Plaintiff has either complied with all conditions precedent to filing this lawsuit and Plaintiff is entitled to recover under Plaintiff's Policy or any such conditions has been waived.

13. Defendant's refusal to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiff, constitutes a breach of contract.

14. Plaintiff has been damaged as a result of Defendant's breach in the form of unpaid insurance proceeds, interest, costs, and attorney's fees.

15. Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

16. As a result of Defendant's aforementioned breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Fla. Stat. § 627.428 or Fla. Stat. § 626.9373. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

17. Plaintiff is entitled to recover attorney's fees and costs pursuant to Fla. Stat. §§ 627.428, 627.70152, and/or Fla. Stat. § 626.9373.

**WHEREFORE**, the Plaintiff, SIVAN LAM, by and through the undersigned counsel, demands judgment against Defendant, SCOTTSDALE INSURANCE COMPANY, for all unpaid bills with interest on any overdue payments, costs, attorney fees pursuant to Fla. Stat. §§ 627.428, 627.70152, and/or Fla. Stat. § 626.9373, and for all other remedies the Court sees fit to grant, and the Plaintiff demands trial by jury.

## COUNT II-DECLARATORY RELIEF AGAINST DEFENDANT

18. Plaintiff realleges paragraphs 1 through 9 above and incorporates the same by reference herein.

19. Under the terms of the subject Plaintiff's Policy, Defendant insured against direct, physical loss to the Plaintiff's Property. There are however a number of exclusions which the Defendant is relying upon to deny coverage for the Loss.

20. Under the terms and provisions of the Plaintiff's Policy, Plaintiff's Loss appears to be covered for the property damage sustained; however, Defendant denied coverage for the Loss and/or asserted in its coverage determination letter that certain portions of Plaintiff's Loss were not covered under the Plaintiff's Policy due to various policy exclusion and exceptions. These exclusions are referenced in the Defendant's coverage determination letter, which is attached hereto as Plaintiff's Exhibit "C".

21. As a result of Defendant's assertions of applicable policy exclusion(s)/exception(s) and Defendant's apparent belief that the entire and/or a part of the Loss is not covered based upon its interpretation of the Plaintiff's Policy and/or the pricing issues, Plaintiff is in doubt as to Plaintiff entitlement to coverage under the Plaintiff's Policy and/or as to the Defendant's denial.

22. Plaintiff believes that the Loss is covered and that Plaintiff's estimate is accurate and compensable; however, Defendant disagrees. Consequently, the parties can only resolve their differences when coverage is determined by this Court. *See Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So.3d 851, 859 (Fla. 1st DCA 2013) ("To be entitled to a declaratory judgment, one must demonstrate that (1) a good-faith dispute exists between the parties; (2) one presently has a justiciable question concerning the existence or non-existence of a right or status, or some fact on which such right or status may depend; (3) one is in doubt regarding one's right or status, and (4) a bona-fide, actual, present, and practical need for the declaration exists").

23. Plaintiff is uncertain as to the existence or non-existence of Plaintiff's rights to coverage under the Plaintiff's Policy and has an actual, practical and present need for a declaration by the court as to Plaintiff's rights under the Plaintiff's Policy. Consequently, Plaintiff seeks relief from uncertainty and insecurity with respect to Plaintiff's rights and legal relations with Defendant under the Plaintiff's Policy. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5 (Fla. 2004); *Lutz v. Protective Life Ins. Co.*, 951 So.2d 884 (Fla. 4th DCA 2007); *Jossfolk v. United Property & Cas. Ins. Co.*, 110 So.3d 110) (Fla. 4th DCA 2013) (***permitting declaratory judgment in a first***

*party property insurance action*); *Certain Interested Underwriters At Lloyd's London v. Pitu, Inc.*, 95 So.3d 290 (Fla. 3rd DCA 2012) (***permitting both breach of contract and declaratory judgment in a first party property insurance action***) (Emphasis added).

24. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual bona-fide controversy between the parties that requires judicial interpretations as to whether there has been a covered Loss. Accordingly, Plaintiff seeks a declaration as to Plaintiff's rights relative to coverage of the Loss under the Plaintiff's Policy and Florida law. *See Security First Insurance Co. v. Phillips*, 45 Fla. L. Weekly D1426 (Fla. 5th DCA, June 12, 2020) ("Because a bona fide controversy existed, declaratory relief was appropriate to determine the factual issues raised [i.e. whether the insurance policy sub judice was in effect at the time of the damage].The trial court therefore erred in dismissing the complaint. . . .").

25. The purpose of this declaratory decree action is to obtain a judicial interpretation of the Plaintiff's Policy, as it relates to the facts involved herein, which will determine that there has been a covered Loss and as to the pricing. Without such a declaratory decree, Plaintiff is unable to obtain insurance benefits under the Plaintiff's Policy.

26. Pursuant to Fla. Stat. § 86.011, this Court has jurisdiction to declare the applicable rights, status, and other equitable or legal relations between the parties as to the existence, or nonexistence of any right; or any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future.

27. Pursuant to Fla. Stat. § 86.021, Plaintiff is in doubt as to Plaintiff's rights and status under the Plaintiff's Policy. Therefore, Plaintiff may have this Court determine Plaintiff's questions concerning the construction or validity arising under said Policy and Plaintiff can obtain a declaration of Plaintiff's rights, status, or legal relations thereunder.

28.     Pursuant to Fla. Stat. § 86.051, this Court is not limited nor restricted from exercising its general declaratory relief powers conferred by Fla. Stat. § 86.01 as related to Plaintiff's request for declaratory relief in this action.  Additionally, this Court may even render its decision in this matter by way of anticipation with respect to any act not yet done or any event which has not yet happened.

29.     Pursuant to Florida Stat. § 86.101, in response to Plaintiff's request for declaratory relief, this Court's decision is to be rendered for purposes of settling and affording Plaintiff relief from its insecurity and uncertainty with respect to Plaintiff's rights, status and other equitable or legal relations and the declaratory relief statute is to be liberally administered and construed. (Emphasis added). *See also Olive v. Maas*, 811 So.2d 644, 648 (Fla. 2002); *C.A.T., LLC v. Island Developers*, Ltd, 827 So.2d 373,375 (Fla. 3d DCA 2002); *National Rifle Ass'n of America v. City of South Miami*, 812 So.2d 504 (Fla. 3d DCA 2002); *State Farm Fire and Cas. Co. v. Higgins*, 788 So.2d 992, 999 (Fla. 4th DCA 2001); *X Corp. v. Y Person*, 622 So.2d l098 (Fla. 2d DCA 1993).

30.     Plaintiff's disagreement(s) with Defendant concerning coverage under the Plaintiff's Policy is a proper subject for a declaratory judgment. *See Transportation Cas. Inc. Co. v. Soil Tech. Distributors, Inc.*, 966 So.2d 8, 9 (Fla. 4th DCA 2007); *Effort Enterprises of Florida, Inc. v. Lexington Ins. Co.*, 666 So.2d 930, 931 (Fla. 4th DCA 1995); *Tindall v. Allstate Ins. Co.*, 472 So.2d 1291, 1292 (Fla. 2d DCA 1985); *Tavares v. Allstate*, 342 So.2d 551 (Fla. 3d DCA 1977); *Perez v. State Auto. Ins. Ass'n.*, 270 So.2d 377 (Fla. 3d DCA 1972).

31.     Plaintiff has the right to proceed with its declaratory relief action and such action should not be impermissibly foreclosed. *See People's Trust Ins. Co. v. AlonzoPombo*, 45 Fla. L. Weekly D2110 (Fla. 3d DCA, Sept. 9, 2020) ("Where a complaint for declaratory action meets [the Rhea] requirements, it should not be dismissed for failure to state a cause of action")*; Travelers Ins. Co. v. Emery*, 579 So.2d 798, 801 (Fla. 1st DCA 1991) ("[Q]uestions of fact and disagreements concerning coverage under insurance policies are proper subjects for a declaratory

judgment if necessary to a construction of legal rights."); *Effort Enterprises of Florida. Inc. v. Lexington Ins. Co.*, 666 So.2d 930, 932 (Fla. 4th DCA 1995); *Floyd v. Guardian Life Ins. Co. Of America*, 415 So.2d 103, 105 (Fla. 3d DCA 1982).

32. All conditions precedent to the filing of this action have been complied with, met or otherwise waived.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Fla. Stat. §§ 86.011, 626.9373, 627.428, and 57.041, and others, undersigned counsel is entitled to attorneys' fees in this matter to be paid by the Defendant.

**WHEREFORE**, Plaintiff, SIVAN LAM, prays this Honorable Court takes jurisdiction of this matter and declares the parties' rights and duties under the Plaintiff's Policy, and takes the following actions, including but not limited to:

a. entering an order holding that Defendant, SCOTTSDALE INSURANCE COMPANY, is in breach of the insurance contract pursuant to the terms and conditions of the Plaintiff's Policy and awarding damages therefrom, thereby also waiving further policy compliance on the part of Plaintiff;

b. entering an order holding that since Defendant previously acknowledged to an unagreed amount under the Plaintiff's Policy relative to the Loss, that conditions precedent are waived and/or provide a declaration regarding the insured's specific requirements, so Plaintiff can comply with same, without Plaintiff being in violation of the Plaintiff's Policy (and abating this action pending such compliance);

c. entering an order declaring that the Plaintiff is in compliance with the Plaintiff's Policy, and has complied with all conditions precedent thereunder or same were waived by the conduct of Defendant;

d. entering an order declaring that Plaintiff's Loss is the result of direct, physical loss to the Plaintiff's Property;

e. order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including but not limited to, production of the complete insurance policy, and a complete copy of the written materials in the possession of the Defendant that would shed light on the issues involved herein;

f. determine applicable law, including the provisions of Florida Statutes that apply to the policy and to the parties;

g. declare each policy provision not in conformity with Florida law be amended to comply with Florida law;

h. declare that any ambiguities in the statute or policy be construed in favor of insurance coverage;

i. declare that the statutes and policy provisions be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to effect the dominant purpose of indemnity or payment to the insured;

j. declare that the Plaintiff's Policy provides coverage for the Loss submitted by the Plaintiff;

k. declare that the Plaintiff is entitled to a claim for attorneys' fees, costs and prejudgment interest against Defendant under Fla. Stat. §§ 86.011, 626.9373, 627.428, and 57.041 and determine amounts thereunder;

l. determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy, as needed to do complete justice in this case; and

m. awarding any and all other equitable relief this court deems just and proper, and granting a trial by jury of all issues triable as of a right by a jury.

 Plaintiff, SIVAN LAM, further demands trial by jury of all issues so triable in accordance with Florida Statutes, Chapter 86, as well as for entry of judgment for Plaintiff as to all issues

raised in this declaratory action, and against Defendant, SCOTTSDALE INSURANCE COMPANY, for insurance proceeds, attorneys' fees, and costs pursuant to Fla. Stat. §§ 86.011, 626.9373, 627.428, 627.70152, and/or Fla. Stat. § 57.041.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

**DATED**: September 8, 2023

/s/ *Ali A. Kadir*
**ALI A. KADIR, ESQ.**
Florida Bar No.: 13582
**KUHN RASLAVICH, P.A.**
986 Douglas Ave., Ste. 102
Altamonte Springs, FL 32714
Telephone: (407) 501-4833
Facsimile: (407) 501-4856
Ali@thekrfirm.com
Counsel for Plaintiff