UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIVAN LAM,

    Plaintiff,

v.                                Case No.:  2:23-cv-903-JLB-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Before the Court is Defendant Scottsdale Insurance Company's Motion to Dismiss Count II. (Doc. 11.)[1] Plaintiff Sivan Lam has responded (Doc. 12), making this matter ripe. For the reasons below, Scottsdale's motion should be denied and the viability of Count II resolved on summary judgment.

This is a Hurricane Ian insurance case. Lam alleges Scottsdale breached the parties' insurance policy by not fully paying a covered loss. (Doc. 4.) The operative complaint has two claims: breach of contract (Count I), and declaratory relief (Count II).

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

pleading standard "does not require detailed factual allegations," but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Scottsdale's primary argument is that Lam's request for declaratory relief is redundant of her breach of contract claim. (Doc. 11 at 4 ("Both counts are premised on the same factual dispute and seek a determination of whether [Scottsdale] wrongly denied paying Plaintiff's claim for damages under the policy of insurance.").) [2] This argument occurs with some frequency in insurance litigation, and at least in this Court, it has been rejected. *See Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-CV-297-JLB-NPM, 2022 WL 2356972 (M.D. Fla. June 30, 2022) (Badalamenti, J.). "Rule 12(b)(6) is a vehicle to challenge a claim's sufficiency. Redundancy is not insufficiency, and it is not a ground for dismissal under Rule 12(b)(6)." *Id.* at *4; *see also Wichael v. Wal-Mart Stores E., LP*, No. 6:14-CV-579-ORL, 2014 WL

---

[2] Scottsdale's brief is not paginated. The Court thus cites the page numbers generated by its electronic filing system.

5502442, at *2 (M.D. Fla. Oct. 30, 2014) ("[A] redundant claim should not be dismissed as long as it is valid.").

Alternatively, Scottsdale claims the complaint alleges nothing needing declaration. (Doc. 11 at 3-4.) This argument falls short too. The complaint seeks a declaration of rights, seeks a determination of full coverage, and identifies several exclusion provisions in need of a decision. (*See* Doc. 4 ¶ 20.) This is not a case in which Lam brings an ambiguous or hypothetical declaratory request. "Because there is a fight over whether [Scottsdale] must provide coverage for the subject property's damage, the [c]omplaint alleges an actual controversy to survive dismissal at this stage." *Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019); *see also Westchester Surplus Lines Ins. Co.*, 2022 WL 2356972, at *3.

It may prove true that Lam can "secure full, adequate and complete relief through the breach of contract claim" as Scottsdale claims. (Doc. 11 at 4.) But that question is best resolved "at the summary judgment stage, after discovery is completed." *Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-CV-425-ORL-22-DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020).

Accordingly, the Court **RECOMMENDS** that Defendant Scottsdale Insurance Company's Motion to Dismiss Count II (Doc. 11) be **DENIED**.

**ENTERED** in Fort Myers, Florida on April 12, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.